**FILED**

AUG 21 2015

Clerk, U.S. District and
Bankruptcy Courts

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PARKS, LLC.

5700 Corporate Drive
RUSS
Pittsburgh, PA 15237

Plaintiff,

v.

TYSON FOODS, INC., and
HILLSHIRE BRANDS COMPANY,
400 S. Jefferson Street
Chicago, IL 60607        Defendants.

Case: 1:15-mc-01122
Assigned To : Jackson, Ketanji Brown
Assign. Date : 8/21/2015
Description: Miscellaneous

Tyson Foods, Inc.
2200 W. Don Tyson Parkway
Springdale, AR 72762

### MOTION OF DEFENDANTS TYSON FOODS, INC. AND
### HILLSHIRE BRANDS COMPANY TO COMPEL COMPLIANCE WITH
### NON-PARTY SUBPOENA UPON DIETZ & WATSON, INC.

Defendants Tyson Foods, Inc. and Hillshire Brands Company ("Defendants"), through

the undersigned counsel, and pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i) and 45(g), hereby move

this Court for an order compelling non-party Dietz & Watson, Inc. ("Dietz & Watson ") to

produce subpoenaed documents and for a finding of contempt.

Defendants are being sued by Parks, LLC for false advertising, trademark infringement

and related wrongs in the Eastern District of Pennsylvania.  Parks alleges common law rights to

the mark PARKS by virtue of a license it allegedly granted to Dietz & Watson to use the PARKS

mark for the advertising and sale of certain meat items.  Parks alleges, among other things, that

Defendants' use of the mark BALL PARK PARK'S FINEST for hot dogs infringes Parks'

common law rights in the mark PARKS.

On June 2, 2015, Defendants served a subpoena on Dietz & Watson seeking the

production of documents under specified document requests concerning the alleged trademark

license with Parks and the advertising and sale of PARKS-branded products.  Dietz & Watson

**RECEIVED**

AUG 21 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

was commanded to produce responsive documents by June 16.   However, Dietz & Watson produced nothing by June 16, and instead asserted objections to every document request.  Since then, Dietz & Watson has only produced an incomplete set of product samples and a single spreadsheet of Parks product sales.

Dietz & Watson's refusal to produce any documents was alarming because Parks has identified Dietz & Watson as having discoverable information.  Parks submitted a Dietz & Watson employee's declaration in support of its motion for preliminary injunction.  And according to Parks, Dietz & Watson has been operating at the former Parks Sausage Company site since the late 1990s, doing business as Parks Sausage Company, and processes meat products in that facility and marketing and selling the products under the PARKS trademark. Dietz & Watson appeared to have made a tactical decision to refuse to respond to the subpoena in an effort to aid Parks in the underlying action against Defendants.  That was subsequently confirmed.

During  a meet and confer conference regarding Dietz & Watson's objections on July 20, 2015, Dietz & Watson – who is represented by the same counsel as Parks –  admitted it was still searching for responsive documents; refused to identify the objections it was relying upon to withhold responsive documents; refused to identify which document requests it was withholding documents in response to; refused to describe the categories of non-privileged documents being withheld; refused to provide a date certain by when its production would be complete; and refused to withdraw its objections.  To date, Dietz & Watson has produced an incomplete set of product samples and one sales spreadsheet.  The overwhelming bulk of information sought under the subpoena is being withheld.

Defendants sought recourse for Dietz & Watson's non-compliance in the issuing Court for the underlying action – the Eastern District of Pennsylvania.  In response, Dietz & Watson did not attempt to defend any of its objections and instead denied that that Court had the authority to compel production.  Indeed, the place of compliance under the subpoena for Dietz & Watson's performance is Washington, D.C. – in a different judicial district.  The Court agreed and instructed Defendants to move to compel Dietz & Watson's compliance.

Discovery is set to close in the underlying case on September 15, 2015, so time is of the essence.

For all of the foregoing reasons, and those stated in the accompanying memorandum of law, Defendants respectfully request that this Court compel Dietz & Watson to immediately produce all responsive, non-privileged documents sought under Defendants' subpoena and to pay Defendants' fees and costs associated with enforcing this subpoena.

Dated:  August 21, 2015

Mark H. Churchill, Esq.
John J. Dabney, Esq.
Mary D. Hallerman, Esq.
McDERMOTT WILL & EMERY LLP
500 North Capitol Street NW
Washington, DC 20001
Telephone: 202-756-8000
Fax:  202-756-8087
Email:  mchurchill@mwe.com;
jdabney@mwe.com; mhallerman@mwe.com

*Attorneys for Defendants Tyson Foods, Inc. and Hillshire Brands Company*

## CERTIFICATE OF SERVICE

I, Mary D. Hallerman, hereby certify that on this 21st day of August, 2015, a true and correct copy of the foregoing was served via U.S. Mail, first-class postage pre-paid, upon the following counsel of record for Dietz & Watson, Inc.:

> James C. McConnon
> Alex R. Sluzas
> Paul & Paul
> Three Logan Square
> 1717 Arch Street
> Suite 3740
> Philadelphia, PA 19103
> Email: j.mcconnon@paulandpaul.com; ars@paulandpaul.com

Mary D. Hallerman
McDERMOTT WILL & EMERY LLP
500 North Capitol Street NW
Washington, DC 20001
Telephone: 202-756-8000
Fax:  202-756-8087
Email:  mhallerman@mwe.com

*Attorneys for Defendants Tyson Foods, Inc. and Hillshire Brands Company*

DM_US 63527637-1.035969.0205

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PARKS, LLC.                              :
                                         :
              Plaintiff,                 :
                                         :
       v.                                :
                                         :    Civil Action No. _____
                                         :
TYSON FOODS, INC., and                   :
HILLSHIRE BRANDS COMPANY,                :
                                         :
              Defendants.                :

### MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS TYSON FOODS, INC. AND HILLSHIRE BRANDS COMPANY TO COMPEL COMPLIANCE WITH NON-PARTY SUBPOENA UPON DIETZ & WATSON, INC.

Defendants Tyson Foods, Inc. and Hillshire Brands Company ("Defendants"), through the undersigned counsel, seek an order compelling non-party Dietz & Watson, Inc. ("Dietz & Watson") to produce subpoenaed documents.

In the underlying action pending in the Eastern District of Pennsylvania, *Parks, LLC v. Tyson Foods, Inc., et al.,* Civ. Action No. 5:15-cv-00946-JFL, Plaintiff Parks, LLC ("Parks") claims ownership of a common law trademark (PARKS) for food products by virtue of an alleged license that it granted to Dietz & Watson . Dietz & Watson operates on the site founded originally by Parks Sausage Company – the predecessor company to Parks. Parks alleges that Defendants' use of the mark BALL PARK PARK'S FINEST for hot dogs violates Parks' common law PARKS trademark and has alleged claims for trademark infringement, false advertising, and related wrongs.

Defendants' subpoena to Dietz & Watson sought documents relating to the alleged trademark license between Dietz & Watson and Parks and the manufacturing, distribution,

marketing and sale of PARKS-branded products.  Defendants' subpoena specified production in

Washington, D.C. – within 100 miles of Dietz & Watson's corporate residence in Baltimore,

Maryland – on or before June 16, 2015.

 Dietz & Watson served objections and then limited its production to an incomplete

collection of Parks product samples.  Dietz & Watson, which is represented by the same counsel

as Parks, appeared to be flaunting its discovery obligations in an effort to aid Parks in the

underlying action.  A meet and confer conference on July 20, 2015, regarding Dietz & Watson's

objections proved as much.  Counsel refused to withdraw Dietz & Watson's objections; refused

to specify any objection on which it was withholding responsive documents; and refused to

provide a general description of categories of responsive documents it was withholding based on

any objection.  Indeed, Dietz & Watson's counsel admitted during the conference (on July 20 –

**more than a month after the documents were due to be produced**) that the company had

responsive documents but was reluctant to spend the time searching for them, and further refused

to commit to a date certain by which its production would be complete.  Subsequent to the

conference, Dietz & Watson has only produced a single, sales spreadsheet.  As such, the

overwhelming majority of the documents sought under Defendants' valid subpoena are being

withheld.

 This Court should compel non-party Dietz & Watson to produce immediately all

responsive, non-privileged documents requested under the Dietz & Watson subpoena.  The Court

also should award Defendants their fees and costs in moving for relief.

## **FACTUAL BACKGROUND**

On February 24, 2015, Plaintiff Parks filed the underlying action in the Eastern District of

Pennsylvania against Defendants – owners of the iconic Ball Park brand.  (*See* Civ. Action No.

5:15-cv-00946-JFL, Dkt. No. 1.)  Parks then filed an Amended Complaint on March 19, 2015.

(*Id.*, Dkt. No. 4 ("Am. Compl.").)  Parks alleges that it is engaged in the sausage and processed

meat business under the common law trademark PARKS, but that marketing and sales is done

exclusively for Parks through two licensees, including Dietz & Watson.  (*Id.* ¶¶ 18-20.)  By its

pleading, Parks claims that Defendants' advertising and sale of a new line of premium Ball Park

hot dogs, "Ball Park Park's Finest," constitutes  false advertising under 15 U.S.C. § 1125(a)

(Count I) (*id.* ¶¶ 50-54); trademark infringement under 15 U.S.C. § 1125(a) (Count II) (*id.* ¶¶ 55-

62); federal trademark dilution under 15 U.S.C. § 1125(c) (Count III) (*id.* ¶¶ 63-69); unfair

competition under 73 P.S. § 201-2 (Count IV) (*id.* ¶¶ 1, 70-72); trademark dilution under

PA.C.S.A. § 1124 (Count V) (*id.* ¶¶ 73-79); and unfair competition under Pennsylvania common

law (Count VI) (*id.* ¶¶ 80-81.).

Parks subsequently filed a Motion for Preliminary Injunction on March 25, 2015.  (*Id.*,

Dkt. No. 5.)  Defendants answered the Amended Complaint (*Id.,* Dkt. No. 15) and opposed

Parks' motion for preliminary injunction.  (*Id.*, Dkt. No. 22.)  An evidentiary hearing on Parks'

preliminary injunction motion was held on June 15, 2015, and the court issued its order on July

28, 2015, denying Parks' motion.  (*Id.*, Dkt. No. 47.)

Fact discovery is set to close on September 15, 2015 – less than one month from now.

(*Id.*, Dkt. No. 42 at 1.)  Toward that end, and before the preliminary injunction hearing,

Defendants sought discovery from Dietz & Watson.  Specifically, on June 2, 2015, Defendants

served the Dietz & Watson subpoena.  *See* Decl. of John J. Dabney ("Dabney Decl."), ¶ 3 & Ex.

A (Dietz & Watson subpoena, including "Attachment A").  The Document Requests contained in the subpoena seek documents relating to the manufacturing, distribution, advertising, promotion, and sale of PARKS-branded products, as well as the alleged license agreement between Parks and Dietz & Watson.  *See id.*, Ex. A at Attachment A, pp. 4-7.

The relevance of such non-party discovery to the underlying dispute is obvious and unquestioned.  Parks asserts in the underlying case that soon after acquiring the assets of Parks Sausage Company in 1996, the two owners of Parks "learned that the manufacture and marketing of processed meat products in the United States was a highly specialized field that required skills and resources" that they did not have .  (Am. Compl. ¶¶ 18-19.)  So, "Parks entered in to a license agreement with . . . Dietz & Watson."  (*Id.* ¶ 19.)  Furthermore, Parks alleges that under the license agreement, "Dietz & Watson took over the Parks Sausage Company plant in Baltimore doing business as Parks Sausage Company and continued to process meat products in that facility and marketing and selling the products under the PARKS trademark."  (*Id.* ¶ 20.)

In short, Parks' Amended Complaint alleges claims against Defendants premised on Parks' ownership of the common law mark PARKS.  (*See id.* ¶¶ 15-21.)  And Parks' trademark ownership claim arises from Dietz & Watson's alleged use of PARKS under the license agreement between Parks and Dietz & Watson.  (*See id.* ¶¶ 18-20.)

Dietz & Watson reaffirmed its own relevance to this case when Parks submitted in support of its request to preliminarily enjoin Defendants' sale of BALL PARK PARK'S FINEST branded products, a declaration from Mr. Patrick Caputo, who identified himself as "an employee of Dietz & Watson, Inc., DBA Parks Sausage Company, and am Account Manager for Parks Sausage Company, including overseeing the marketing and sales of Parks products."  (*See* Civ. Action No. 5:15-cv-00946-JFL, Dkt. No. 5-3 ¶ 1.)  Parks also made sure to have Mr. Caputo

- 4 -

in attendance at the preliminary injunction hearing held on June 15, 2015.  *See* Dabney Decl. ¶ 5. The existence of critical discovery from Dietz & Watson was further reaffirmed in Parks' Rule 26(a)(1) initial disclosures, which identified four Dietz & Watson employees – more than any other entity identified by Parks – as "**individuals likely to have discoverable information that Parks may use to support is claims and/or defenses**."  *See id.* ¶ 5& Ex. C.

Accordingly, Defendants' subpoena upon Dietz & Watson demanded production of documents by June 16, 2015, under thirty-two Document Requests, set forth in Attachment A. *See* Dabney Decl. ¶ 3.  Pursuant to Fed. R. Civ. P. 45(c), the place of compliance was set for the offices of Defendants' counsel, in Washington, D.C., *see id.*, Ex. A at 1– which is less than 100 miles from Dietz & Watson's corporate residence in Baltimore, Maryland.  *See id.* ¶ 3.

Counsel for Dietz & Watson, Paul & Paul (who also is counsel for Parks), served by mail dated June 15, 2015, Dietz & Watson 's objections to the Document Requests.  *See id.* ¶ 4 & Ex. B (Dietz & Watson Objections).  Dietz & Watson objected to each of the thirty-two Requests and refused to produce any responsive documents.  *See id.*, Ex. B at 4-20.

Defense counsel met and conferred telephonically on June 24, 2015, regarding Dietz & Watson's objections, among other topics.  *See id.* ¶ 7.  Counsel represented that Dietz & Watson, along with Parks, would make documents available for inspection at Paul & Paul's office in Philadelphia, Pennsylvania.  *See id.*  The documents were originals, according to counsel, which meant that Defendants' counsel would have to arrange for copying and labeling of any documents of interest.  *See id.*  Dietz & Watson also represented that the company was still searching for documents responsive to Defendants' subpoena.  *See id.*

In response, defense counsel traveled to Philadelphia on June 30, 2015, to inspect the documents and things made available at Paul & Paul's office.  *See id.* ¶ 8.  The only Dietz &

Watson items or documents actually made available for inspection, however, were 14 samples of Parks products allegedly sold by Dietz & Watson. *See id.* Defendants' counsel took multiple digital photographs of each sample (totaling 101 photographs). *See id.* Unfortunately, even this production by Dietz & Watson was incomplete, as there appears to be more than 14 types of packaging used since 1996. *See id.* ¶ 9.

In light of Dietz & Watson's withholding of all documents and things responsive to at least 31 of the 32 Document Requests, Defendants' counsel re-engaged Dietz & Watson's counsel in a meet and confer regarding (among other things) Dietz & Watson's objections and the unproduced, responsive documents under the subpoena. *See id.* ¶ 10. During that telephone conference on July 20, 2015 – more than 1 ½ month since service of the Dietz & Watson subpoena – counsel for Dietz & Watson represented that the company was still searching, reluctantly, among its many documents responsive to the subpoena. *See id.* Dietz & Watson could not give a date certain by which it would compete its production. *See id.* Otherwise, Dietz & Watson refused to withdraw any of its objections to the Document Requests in the subpoena. *See id.* Counsel also stated that Dietz & Watson was withholding responsive, non-privileged documents based on its objections. *See id.* However, counsel could not identify which objections it would rely on to withhold those documents, which requests the documents would be responsive to, or even provide a general description of the categories of documents that would be withheld. *See id.*

Given Dietz & Watson's blatant disregard of its obligations under the subpoena, Defendants immediately engaged the court where the underlying action is pending, in the Eastern District of Pennsylvania, consistent with local practice and Local Rules. *See id.* ¶ 11. After letters were submitted to Chambers on a number of discovery deficiencies in the case – including

Dietz & Watson's non-compliance with Defendants' subpoena – presiding District Court Judge

Leeson set a telephonic hearing for July 28, 2015. *See id.* In that hearing, counsel for Dietz &

Watson did not dispute that Dietz & Watson could not identify either which objections it would

rely on to withhold documents, which requests the documents would be responsive to, or a

general description of the categories of documents that would be withheld. *See id.* ¶ 13. Nor did

Dietz & Watson's counsel explain or defend any of its objections or say when it expected to

produce the documents it previously claimed to have been searching for. *See id.* Instead counsel

argued that Dietz & Watson had asserted objections and that Judge Leeson and the Eastern

District of Pennsylvania could not intervene. *See id.* Citing Dietz & Watson's objections, Judge

Leeson ruled that to obtain any relief, Defendants would have to file a motion to compel. *See id.*

Subsequent to the hearing, Dietz & Watson produced a sales spreadsheet – a 573-page

document that Defendants had to request in native to make any sense of – which was designated

"Confidential – Attorneys Eyes Only" under the protective order entered by the Court on July 28,

2015. *See id.* ¶¶ 12, 14-15. Dietz & Watson quite transparently drafted the protective order so

that it only covered the single spreadsheet document – i.e., Dietz & Watson anticipated not

producing other documents or, at least, not producing other documents that were non-public. *See

id.* ¶ 12. Regardless, that single spreadsheet remains the only additional document or thing (the

other being the 14 samples of Parks product) that Dietz & Watson has produced in this case

under the subpoena.

Consequently, it is clear that Dietz & Watson is not searching for documents but instead

violating its obligation to produce documents in response to a validly issued subpoena from a

federal court. Defendants move this Court pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i) and 45(g)

for an order finding Dietz & Watson in contempt under Fed. R. Civ. P. 45(g) and compelling

immediate production of all non-privileged, responsive documents sought under the Dietz & Watson subpoena.  If Dietz & Watson had valid objections, they should be deemed waived.

## ARGUMENT

Where objections are asserted to a subpoena for documents, Rule 45 provides that "the serving party may move the court for the district where compliance is required for an order compelling production or inspection."  Fed. R. Civ. P. 45(d)(2)(B)(i).  A party in possession of responsive documents to a subpoena may also move to quash or modify the subpoena if it seeks protection of those documents.  Fed. R. Civ. P. 45(d)(3).  To penalize the non-compliant party, "[t]he court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey [a] subpoena."  Fed. R. Civ. P. 45(g).

In this case, Defendants served non-party Dietz & Watson with a valid subpoena for documents.  *See* Dabney Decl. ¶ 3 & Ex. A.  Dietz & Watson served timely objections to the document requests.  *See id.* ¶ 4 & Ex. B.  Dietz & Watson did not move to quash or modify the subpoena.  Defendants met and conferred with Dietz & Watson's counsel regarding its objections, but Dietz & Watson's counsel refused to withdraw the objections, refused to identify which objections it was relying upon to withhold responsive documents, refused to identify the document requests in response to which it was withholding response documents, and refused to describe general categories of documents that would be withheld.  Indeed, Dietz & Watson admitted that as of July 20 – the date of the final meet and confer conference, **and more than one month after the responsive documents were commanded to have been produced** – it had plenty of responsive documents but was reluctant to search for them and, regardless, refused to provide a date certain by which production would be completed.  Defendants sought the

assistance of Judge Leeson to spur Dietz & Watson and Parks/ Dietz & Watson's shared counsel,

Paul & Paul, to comply with the subpoena. *See id.* ¶ 11. But in the parties' telephonic hearing on

July 28, 2015, Dietz & Watson stood on its objections and dared Defendants to file this Motion.

*See id.* Since that hearing, Dietz & Watson has only produced one spreadsheet and otherwise,

not uttered a word.

There is no excuse or justification for Dietz & Watson's intransigence. Dietz & Watson

is blatantly flaunting its obligations under the Federal Rules of Civil Procedure in an effort to aid

Plaintiff in the underlying matter. Two and one-half months have elapsed since service of the

Dietz & Watson subpoena. Yet Dietz & Watson – Plaintiff Parks' alleged licensee and a

company that **Parks claims** assumed control of the original Parks Sausage Company plant in

Baltimore, operated as Parks Sausage Company thereafter, and "continued to process meat

products in that facility and marketing and selling the products under the PARKS trademark" –

has failed to produce **a single page** in response to Defendants' subpoena aside from a sales

spreadsheet. *See* Dabney Decl. ¶16. This is the same non-party that submitted a declaration in

support of Parks' request for preliminary injunction and was identified in Parks' initial

disclosures in the case as having four individuals with discoverable knowledge of Parks' claims

or defenses. Parks' alleged common law rights in its PARKS trademark are premised upon Dietz

& Watson's use of the claimed PARKS trademark under a license with PARKS. Dietz &

Watson's conduct cannot stand. The Court should compel Dietz & Watson to produce all

responsive, non-privileged documents immediately.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that this Court grant

Defendants' Motion and compel complete and immediate production by Dietz & Watson of all

non-privileged documents sought under the Dietz & Watson subpoena.  Defendants also seek

their fees and costs in bringing this Motion.  Finally, Defendants intend to seek transfer of this

Motion to Judge Leeson, as presiding judge in the underlying action.  Regardless, Defendants

believe "exceptional circumstances" exist for transfer to the Eastern District of Pennsylvania

Dated:  August 21, 2015

Mark H. Churchill, Esq.
John J. Dabney, Esq.
Mary D. Hallerman, Esq.
McDERMOTT WILL & EMERY LLP
500 North Capitol Street NW
Washington, DC 20001
Telephone: 202-756-8000
Fax:  202-756-8087
Email:  mchurchill@mwe.com;
jdabney@mwe.com; mhallerman@mwe.com

*Attorneys for Defendants Tyson Foods, Inc.*
*and Hillshire Brands Company*

## <u>CERTIFICATE OF SERVICE</u>

I, Mary D. Hallerman, hereby certify that on this 21st day of August, 2015, a true and

correct copy of the foregoing was served via U.S. Mail, first-class postage pre-paid, upon the

following counsel of record for Dietz & Watson, Inc.:

> James C. McConnon
> Alex R. Sluzas
> Paul & Paul
> Three Logan Square
> 1717 Arch Street
> Suite 3740
> Philadelphia, PA 19103
> Email: j.mcconnon@paulandpaul.com; ars@paulandpaul.com

> Mary D. Hallerman, Esq.
> McDERMOTT WILL & EMERY LLP
> 500 North Capitol Street NW
> Washington, DC 20001
> Telephone: 202-756-8000
> Fax:  202-756-8087
> Email:  mhallerman@mwe.com